UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FILED
04 MAR -8 AM 9:48



**RALPH MONTOYA,**

Petitioner,

v.   **CIVIL NO. 03-559 JB/DJS**

**RONALD LYTLE, Warden,**

Respondent.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

1. THIS MATTER is a proceeding on a petition for a writ of *habeas corpus* pursuant to 28 U.S.C. §2254. Petitioner seeks to vacate the judgment and sentence entered in No. CR 99-476 in the Twelfth Judicial District, Otero County, of New Mexico. In that proceeding Petitioner was convicted following a jury trial of one count of Trafficking Cocaine by Possession with Intent to Distribute and one count of Possession of Drug Paraphernalia. The trial court found two aggravating factors: that Petitioner committed those offenses while on conditions of release stemming from another felony prosecution and the quantity of cocaine, which was 2.4 pounds. As a result of the foregoing, Petitioner was sentenced to a term of imprisonment of twelve years and three-hundred-and sixty-four days, to be followed by five years probation run concurrently with two years parole. All but six years

---

[1] Within ten (10) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.



of Petitioner's sentence of incarceration was suspended and his sentence of incarceration was set to run consecutively to his sentence in another felony matter.

2. Petitioner challenges his conviction and sentence on ten grounds. His first ground for relief is that New Mexico's sentencing scheme of increasing penalties based upon aggravating factors is unconstitutional under the Supreme Court's holding in Apprendi v. New Jersey, 530 U.S. 466 (2000). Petitioner's next claim for relief is that his arrest followed an illegal stop which was not supported by reasonable suspicion but was premised only upon an unproven informant's tip. Petitioner's third claim for relief is that his constitutional rights were violated by the state court's summary dismissal of his petition for writ of *habeas corpus* pursuant to New Mexico law. Petitioner's fourth claim for relief is that his constitutional rights were violated in that his consent to search was invalid yet the trial court failed to suppress evidence adduced during that search. Petitioner's fifth claim for relief is that evidence presented at trial should have been excluded because the law enforcement officers failed to obtain a search warrant for that evidence. Petitioner's sixth claim for relief is that his right to due process was violated due to prosecutorial misconduct. Petitioner's seventh claim for relief is that he was afforded ineffective assistance of counsel. Petitioner's eighth claim for relief is that he was subjected to double jeopardy. His ninth claim for relief is that his right to speedy trial was violated and his tenth claim for relief is that the trial court erred in denying him bond.

3. Resolution of Petitioner's claims requires a brief description of the circumstances of his arrest. As described by the New Mexico Court of Appeals, on September 3, 1999, the Alamogordo Public Safety Department received a tip from a confidential informant that Petitioner would be traveling to El Paso, Texas that night in a rented, tan-colored Ford Taurus. Petitioner was identified

by name as the driver. Further, he was a resident of Alamogordo, New Mexico. The informant also told Alamogordo police that Petitioner would be returning to the town through the United States Border Patrol checkpoint on U.S. Highway 70 around midnight and that he would have cocaine in the car. The informant gave the police the license number of the car. That evening, Alamogordo police watched traffic through the checkpoint and, shortly before 12:30 a.m. on September 4, observed a Ford Taurus matching the informant's description and the given license number drive past. Once the vehicle entered town, a police officer verified the license number and that Petitioner was driving the car. The officer pulled the car over and, after Petitioner consented to a search of the vehicle, conducted a search with the assistance of a Border Patrol canine unit. The dog alerted and a bundle of cocaine was found under the right rear seat. Petitioner was arrested and a digital scale was later found in the vehicle.

4. 28 U.S.C. §2254(b)(1) and (c) require that a state prisoner seeking relief must exhaust state remedies before seeking to obtain relief in a federal *habeas* proceeding. See generally, Rose v. Lundy, 455 U.S. 509 (1982). Respondent concedes that Petitioner has exhausted his state court remedies as to the claims brought in the instant petition. However, Respondent asserts that Petitioner's claims are subject to dismissal for failing to raise issues upon which relief can be granted. This Court agrees with Respondent that Petitioner fails to state a claim upon which he is entitled to relief.

5. In examining the merits of Petitioner's claims, the Court views the arguments in light of the standard set forth in 28 U.S.C. §2254(d), which provides that:

> An application for writ of *habeas corpus*...shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

This language means that if a state court ruled upon the merits of a *habeas* petitioner's claims, a federal court may grant his petition only if the petitioner can establish that the state court arrived at a conclusion opposite to that reached by the Supreme Court on a question of law; decided the case differently than the Supreme Court has on a set of materially indistinguishable facts; or unreasonably applied the governing legal principle to the facts of the prisoner's case. Elliot v. Williams, 248 F.3d 1205, 1207 (10th Cir. 2001) (citing Williams v. Taylor, 529 U.S. 362 (2000)). When reviewing a state court's application of federal law, federal courts are precluded from issuing the writ simply because they conclude in their independent judgment that the state court applied the law erroneously or incorrectly. Rather, the federal court must be convinced that the application was also objectively unreasonable. Id. In addition, a federal court "presume[s] the factual findings of the state court are correct unless petitioner can rebut this presumption by clear and convincing evidence." Smallwood v. Gibson, 191 F.3d 1257, 1265 (10th Cir. 1999) (citing § 2254(e)(1)).

6. Respondent contends that Petitioner's first claim for relief, that New Mexico's sentencing scheme of increasing penalties based upon aggravating factors is unconstitutional under the Supreme Court's holding in Apprendi v. New Jersey, 530 U.S. 466 (2000), was resolved on the merits in state court consistent with federal constitutional law. This Court agrees. The New Mexico Court of Appeals explained that the New Mexico sentencing scheme requires that the sentencing judge determine which sentence to impose from a range of possible sentences for a given crime and to justify any departure from the midpoint of that range with a written explanation. State v. Wilson, 34

P.3d 351, 355-59 (N.M.Ct.App. 2001). The New Mexico Court of Appeals went on to hold that the scheme did not violate the Supreme Court's holding in Apprendi. Id. at 359. The New Mexico court's conclusion is consistent with clearly established federal law, as Apprendi holds merely that any fact, other than that of a prior conviction, which increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to the jury and proven beyond a reasonable doubt. Apprendi, 530 U.S. at 489. Petitioner cannot show that his sentence was beyond the statutory maximum for his crime. NMSA 1978 §31-18-15.1(C) provides that a judge finding aggravating factors may not increase a sentence beyond one-third of the basic sentence. The basic sentence in New Mexico for a non-capital second-degree felony is nine years, NMSA 1978 §31-18-15(A)(2), and Petitioner was sentenced to twelve years imprisonment for his conviction for Trafficking Cocaine by Possession with Intent to Distribute, which is a second degree felony in New Mexico. NMSA 1978 30-31-20(A). Accordingly, Petitioner was sentenced to the statutory maximum sentence for his crime. Under the standard set forth in 28 U.S.C. §2254(d), Petitioner is not entitled to relief on his first claim.

7. Respondent argues that Petitioner's second, fourth, and fifth claims for relief raise Fourth Amendment issues which Petitioner had full and fair opportunity to litigate in state court. Accordingly, Respondent contends, those issues are precluded by the doctrine articulated in Stone v. Powell, 428 U.S. 465 (1976). As noted above, Petitioner's second, fourth, and fifth claims for relief are that his arrest followed an illegal stop which was not supported by reasonable suspicion, that his consent to search was invalid yet the trial court failed to suppress evidence adduced during that search, and that evidence presented at trial should have been excluded because the law enforcement officers failed to obtain a search warrant for that evidence.

8. In <u>Stone v. Powell</u>, 428 U.S. 465, 494 (1976), the Supreme Court held "we conclude that where the State has provided an opportunity for full and fair litigation of a Fourth Amendment Claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." (footnote omitted). Whether a *habeas* petitioner had a full and fair opportunity to litigate his Fourth Amendment claim in state court is a question of law. See <u>Miranda v. Cooper</u>, 967 F.2d 392, 401 (10th Cir.1992). An "opportunity for full and fair litigation" includes, but is not limited to, the procedural opportunity to raise or otherwise present a Fourth Amendment claim and a full and fair evidentiary hearing as contemplated by <u>Townsend v. Sain</u>, 372 U.S. 293 (1963). <u>Miranda</u>, 967 F.2d at 401. This standard further "contemplates recognition and at least colorable application of the correct Fourth Amendment constitutional standards." <u>Gamble v. Oklahoma</u>, 583 F.2d 1161, 1165 (10th Cir.1978).

9. In this instance, Petitioner received a full and fair opportunity to litigate his Fourth Amendment claims. With regard to his second claim for relief, alleging that the stop of his car by police was illegal, the trial court held an evidentiary hearing in which it considered both counsels' arguments and witness testimony before denying Petitioner's motion to suppress. Answer, Exhibit R (state petition for writ of *habeas corpus*), attachment 5 (Order filed in New Mexico District Court April 13, 2000 denying motion to suppress). Petitioner's appellate counsel raised the issue as well, and the New Mexico Court of Appeals considered the merits of the claim before denying it. Answer, Exhibit K. In that denial, the New Mexico Court of Appeals ruled consistently with federal law, relying in part on the reasoning articulated in <u>Alabama v. White</u>, 496 U.S. 325 (1990) and the amplification of the holding in <u>White</u> provided in <u>Florida v. J.L.</u>, 529 U.S. 266 (2000). Those cases hold that anonymous tips can form the basis for reasonable suspicion supporting a traffic stop where

they are accompanied by specific indicia of reliability, such as the correct forecast of a subject's "not easily predicted" movements.[2]

10. Petitioner's fourth claim for relief, that his consent to search was invalid, is also subject to preclusion under Stone. Following a hearing on Petitioner's motion to suppress, the trial court held that, under the totality of the circumstances, a valid consent to search had been given. Answer, Exhibit R (state petition for writ of *habeas corpus*), attachment 5 (Order filed in New Mexico District Court April 13, 2000 denying motion to suppress). As noted by Respondent in his motion to dismiss this petition, Petitioner did not challenge that holding on direct appeal. Although it lacked detailed explanation, the trial court's ruling appears to be consistent with federal law. See United States v. Doyle, 129 F.3d 1372, 1377 (10th Cir.1997) ("Whether or not a party has voluntarily consented to a search is a question of fact that the district court must evaluate in view of the totality of the circumstances.") (citations omitted).

11. Petitioner's fifth claim for relief, that law enforcement officers should have obtained a search warrant prior to searching his vehicle and that the trial court should have suppressed evidence obtained from the search of his car, does not entitle him to relief regardless of the preclusive effect of the Stone doctrine. Respondent notes that Petitioner failed to raise this claim until he filed his *pro se* state *habeas* petition. Leaving aside the question of procedural default, Petitioner is not entitled to relief on the merits of this claim, based upon the fact that Petitioner consented to the search of his car.

---

[2] Even if Petitioner's second claim for relief was not barred by Stone v. Powell, *supra*, he would not be entitled to relief because he cannot show that the New Mexico Court of Appeals' resolution of the claim was contrary to clearly established Federal law or rested upon an unreasonable determination of the facts.

7

12. Respondent suggests an alternative conclusion that Petitioner's consent was immaterial, as the Border Patrol canine unit's drug-sniffing dog alerted to the rental car Petitioner was driving, providing the officers with probable cause for a search of the car under the automobile exception of the Fourth Amendment. This Court disagrees. Attachment 5 to Exhibit R of the Answer is the Alamogordo police incident report from Petitioner's arrest, which Petitioner appended to his state petition for writ of *habeas corpus*. That incident report includes a narrative by the arresting officer, beginning at page 6 of Attachment 5 to Exhibit R of the Answer. That narrative indicates that Petitioner consented to the search prior to the arrival of the Border Patrol canine unit and that the drug sniffing dog was "run around and through" the vehicle prior to the officers being informed that it had alerted. The dog's entry of the vehicle under it's handler's control implicated the Fourth Amendment and, absent Petitioner's consent, could have led to suppression of the cocaine. Cf. United States v. Stone, 866 F.2d 359, 363-64 (10th Cir. 1989) (Drug sniffing dog's entry into open hatchback created a "troubling issue" under the Fourth Amendment but found to be permissible because it was not led or encouraged to enter the vehicle). Regardless of that analysis, Petitioner cannot now challenge the trial court's finding of valid consent to search the rental car, as discussed above. Further, once the officers had Petitioner's consent to search the vehicle, entry of the dog into the vehicle was permissible. See generally, United States v. Santurio, 29 F.3d 550, 552 (10th Cir.1994) (A vehicle may be searched if a person in control of the vehicle has given his voluntary consent to the search). Once the dog alerted, the officers had probable cause to conduct a search and were permitted to do so under the automobile exception. See Stone, 866 F.2d at 364 (noting that trained dog's alerting to presence of drugs provides probable cause for search); United States v. Klinginsmith, 25 F.3d 1507, 1510 (10th Cir. 1994) (Once dog alerted to vehicle, officers had

probable cause to search without a warrant under the automobile exception); Florida v. White, 526 U.S. 559, 563-64 (1999) ("When federal officers have probable cause to believe that an automobile contains contraband, the Fourth Amendment does not require them to obtain a warrant prior to searching the car for and seizing the contraband."). Regardless of the probable cause provided by the dog, Petitioner makes no showing that he withdrew his consent to the search.

13. Petitioner's third claim for relief, that his constitutional rights were violated by the state court's summary dismissal of his petition for writ of *habeas corpus* pursuant to New Mexico law does not state colorable claims which can afford him federal *habeas* relief. States are not even required to provide an avenue of post-conviction collateral relief. Pennsylvania v. Finley, 481 U.S. 551, 557 (1987). Petitioner has not shown that the summary dismissal of his state *habeas* petition, which was subject to further review when the New Mexico Supreme Court denied his petition for a writ of *certiorari* from the summary dismissal, was inconsistent with New Mexico law or otherwise deprived him of due process. See Hatch v. Oklahoma, 58 F.3d 1447, 1460 (10th Cir. 1995) (No substantive due process right to an appeal, state law may create a liberty interest that cannot be denied without offending due process principles). Further, in unpublished dispositions, the Tenth Circuit Court of Appeals has upheld the summary dismissal of claims on collateral review in state courts. Jones v. Hannigan, 1 Fed.Appx. 856, 2001 WL 20789 (10th Cir. Jan. 9, 2001); Miles v. Champion, 194 F.3d 1320 (table), 1999 WL 710356 (10th Cir. Sept. 13, 1999).

14. Petitioner's sixth claim for relief is that he was denied due process by reason of prosecutorial misconduct. Such a claim is cognizable in a federal *habeas* proceeding. Fero v. Kerby, 39 F.3d 1462, 1473 (10th Cir. 1994). Petitioner contends that the prosecutor caused his first attorney to withdraw from the case by wrongfully listing her as a witness. He also asserts that the prosecution

9

only disclosed information regarding the confidential informant who's tip led to his arrest in response to Petitioner's motion to suppress. As persuasively argued by Respondent, neither of these claims demonstrates a denial of due process or prosecutorial misconduct. Respondent notes that Petitioner's brief to the New Mexico Court of Appeals states that he told the arresting officer that he was driving back from a meeting with his attorney and his boss at the time of his stop. Answer, Exhibit I, p. 4. Petitioner's first trial attorney and his boss testified at trial that they did not meet with him that day. Id. at 4, 7. Calling Petitioner's first trial attorney as a witness is not prosecutorial misconduct where Petitioner attempted to rely upon her for an alibi, making her a fact witness in his defense.

15. As to Petitioner's claim that the prosecution did not timely disclose information regarding the confidential informant whose tip led to his arrest, Brady v. Maryland, 373 U.S. 83, 867 (1963), established that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment irrespective of the good faith or bad faith of the prosecution." United States v. Young, 45 F.3d 1405, 1407 (10th Cir. 1995). To the extent Brady applies where an allegation is made that the government's belated disclosure of material during the trial resulted in prejudice to the defense, the materiality inquiry focuses on whether earlier disclosure would have created a reasonable doubt of guilt. See United States v. Rogers, 960 F.2d 1501, 1511 (10th Cir.1992); Cf. United States v. Beale, 921 F.2d 1412 (11th Cir. 1991) (A Brady violation can occur if the prosecution delays in transmitting evidence during a trial, but only if the defendant can show prejudice, e.g., the material came so late that it could not be effectively used.) In this case, Petitioner cannot show that earlier disclosure of information regarding the confidential informant's tip would have created a reasonable doubt of his

10

guilt. That fact also precludes his prosecutorial misconduct claim, as prosecutorial misconduct does not warrant federal *habeas* relief unless the conduct complained of "so infected the trial with unfairness as to make the resulting conviction a denial of due process." Donnelly v. DeChristoforo, 416 U.S. 637, 643 (1974). Because Petitioner cannot show prejudice from the fact that information regarding the informant was not disclosed until his suppression hearing, held well before trial, he cannot show that disclosure at that time rendered his trial fundamentally unfair.

15. Petitioner's seventh claim for relief is that he was afforded ineffective assistance of counsel, based upon the fact that the second of his three trial attorneys failed to file a motion to suppress and a motion for speedy trial. As discussed above, a motion to suppress was filed, although by Petitioner's third trial counsel, and was heard by the district court. To succeed in a claim regarding ineffective assistance of counsel, Petitioner must show that his attorney's performance fell below an objective standard of reasonableness and that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). Because Petitioner's third trial attorney filed a motion to suppress, which was heard and considered by the trial court, he cannot show prejudice from an earlier attorney's failure to file the motion. With regard to the motion for speedy trial, as discussed below, Petitioner's right to a speedy trial was not violated. Accordingly, he cannot show prejudice from his attorney's alleged failure in that regard, either.

16. Petitioner also contends that his third trial counsel was ineffective for failing to timely file a docketing statement with the New Mexico Court of Appeals. Once again, Petitioner cannot show prejudice from the alleged failure, as his appeal was considered on the merits. Next, Petitioner argues that his trial counsel was ineffective for advising him to agree to a stipulation regarding the one of the prosecution exhibits, for failing to point out small discrepancies in the weight and size of

the package of cocaine he was transporting, and for failing to use an allegedly exculpatory letter. Judicial scrutiny of counsel's performance is highly deferential and indulges a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. Rogers v. United States, 91 F.3d 1388, 1392 (10th Cir. 1996); Miles v. Dorsey, 61 F.3d 1459, 1478 (10th Cir. 1995) (citations omitted). Petitioner must establish that counsel's deficient performance rendered his trial fundamentally unfair or unreliable . Rogers, 91 F.3d at 1392. Absent some showing by Petitioner that the stipulation permitted the state to present evidence which they could not otherwise introduce, he cannot show prejudice from this alleged failure. Similarly, Petitioner has not shown that the discrepancies in the officer's description of the bundle of cocaine would have rendered it inadmissible as evidence. Accordingly, this Court must defer to counsel's tactical judgment. See Hatch v. Oklahoma, 58 F.3d 1447, 1459 (10th Cir. 1995) ("For counsel's [decision] to rise to the level of constitutional ineffectiveness, the decision ... must have been completely unreasonable, not merely wrong, so that it bears no relationship to a possible defense strategy.")(quotation omitted).

17. Petitioner attached the letter he contends his counsel should have introduced at trial to his petition for relief. Petition, Exhibit A, attachment 9. Petitioner highlights one portion of the letter, which states that the writer, whom he identifies as Marina Servian, that she cannot permit him to take the blame for something she did and goes on to say that he should have been driving her vehicle. The letter also states that Ms. Servian was "just thinking of getting my mortgage paid". While one reading of this letter could indicate that Petitioner was an unwitting dupe, that reading ignores the evidence that Petitioner rented the vehicle in which the cocaine was found to be hidden and then lied to police officers regarding meeting his boss and his attorney on the day of his arrest when asked where he had been. Further, Respondent notes, and Petitioner does not contest, that

Petitioner was convicted of battering Ms. Servian in another criminal case. Under the totality of the circumstances, the Court cannot say that, but for counsel's failure to attempt to introduce the letter, which would have required calling Ms. Servian as a witness, the result of the trial would have been different. See Rogers, 91 F.3d at 1392. Consequently, Petitioner is not entitled to relief on this claim.

18. Petitioner's eighth claim for relief is that he was subjected to double jeopardy. Petitioner asserts that he was subject to double jeopardy because the judge imposing the sentence in the other criminal case affecting prisoner at the time of this case took into consideration the fact that he was arrested on these charges while released on bail. Petitioner also contends that he was subject to double jeopardy by a forfeiture proceeding resulting in the forfeiture of five hundred and thirteen dollars as well as a radar detector. As to the first claim, as pointed out by Respondent, in Witte v. United States, 515 U.S. 389, 398-99 (1995), the Supreme Court held that "use of evidence of related criminal conduct to enhance a defendant's sentence for a separate crime within the authorized statutory limits does not constitute punishment for that conduct within the meaning of the Double Jeopardy Clause." Witte forecloses Petitioner's first double jeopardy claim. As to his contention that he was subject to double jeopardy by the forfeiture proceeding against him, *in rem* civil forfeitures generally are not punishments for purposes of the Double Jeopardy Clause. United States v. Ursery, 518 U.S. 267 (1996). Consequently, he is not entitled to relief on this portion of his double jeopardy claim, either.

19. Petitioner's ninth claim for relief is that he was denied his right to speedy trial. Petitioner was arrested on September 4, 1999 and asserts that he was charged on September 21, 1999 and that his trial began on June 27, 2000. In light of those facts, there was a nine month delay between his

13

arraignment and trial. The Sixth Amendment to the United States Constitution provides that "in all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." A Sixth Amendment speedy trial violation is evaluated under the four factors set forth in Barker v. Wingo, 407 U.S. 514 (1972), which are (1) length of the delay, (2) the reasons for the delay, (3) the defendant's assertion of his speedy trial rights, and (4) prejudice to the defendant. United States v. Dirden 38 F.3d 1131, 1137 (10th Cir. 1994). While no single factor is either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial, only when the period of delay is presumptively prejudicial need the Court inquire into the other factors. United States v. Hill, 197 F.3d 436, 443-44 (10th Cir. 1999). There is no set point which pretrial delay will trigger a Barker analysis; however, the Courts have generally found delay 'presumptively prejudicial' as it approaches one year. Doggett v. United States, 505 U.S. 647, 652, fn. 1 (1992). In this instance, the nine month delay from Petitioner's arraignment to his trial is not presumptively prejudicial.[3] See Dirden, 38 F.3d at 1138 (10th Cir. 1994) (seven and one-half month delay between arraignment and trial not presumptively prejudicial); United States v. Occhipinti, 998 F.2d 791, 798 (10th Cir.1993) (delay of 172 days insufficient to trigger Barker analysis); United States v. Kalady, 941 F.2d 1090, 1095-96 (10th Cir.1991) (eight-month delay between indictment and trial nonprejudicial); United States v. Bagster, 915 F.2d 607, 611 (10th Cir.1990) (delay of thirty months insufficient to trigger Barker analysis).

20. Petitoner's tenth claim for relief is that the trial court erred in denying him bond. First, this Court notes that Petitioner was given credit for pre-sentence incarceration. Answer, Exhibit A.

---

[3]This finding is reinforced by the fact, pointed out by Respondent, that Petitioner sought two pre-trial continuances. Petition, Exhibit A, Attachment 7, pp. 6, 10.

Further, the trial court noted in the judgment and sentence that Petitioner committed the crime at issue here while on conditions of release from another felony matter. Id. Under those circumstances, Petitioner has not shown that his constitutional rights were violated by the denial of release on bond pending his trial in this matter. Further, generally, denial of bail is not an available basis for seeking post-conviction relief. Hamilton v. New Mexico, 479 F.2d 343, 344 (10th Cir. 1973).

**RECOMMENDED DISPOSITION**

That this petition be denied and this matter dismissed with prejudice.

_____
DON J. SVET
UNITED STATES MAGISTRATE JUDGE